JERMERA BAYLOR
43 LORING COURT
BALITMORE, MD,     21219

   PLAINTIFF,         CIRCUIT COURT
                   FOR
                   BALTIMORE COUNTY
v.                    MARYLAND
                   CASE NO.:

NATHANIEL WAY, LLC
C/O EAGLE ROCK MGT., LLC
STE. 227
1670 OLD COUNTY RD.
PLAINVIEW, NY  11803

Serve:
CSC-LAWYERS INCORPORATING SERVICE
COMPANY
7 ST. PAUL STREET
SUITE 820
BALTIMORE MD 21202

EAGLE ROCK MANAGEMENT, LLC
STE. 227
1670 OLD COUNTY RD.
PLAINVIEW, NY  11803

   DEFENDANTS,
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

   NOW COMES Plaintiff, JERMERA BAYLOR, by and through undersigned counsel, and sues the Defendants NATHANIEL WAY, LLC, and EAGLE ROCK MANAGEMENT, LLC for cause and says:

### COMMON FACTS

1.  NATHANIEL WAY, LLC ['NATHANIEL]' is Delaware LLC. Its principal place business is set forth in the caption, per the information provided to the Maryland SDAT.

1

EAGLE ROCK MANAGEMENT, LLC, [EAGLE] is a New York limited liability company. Its principal place business is set forth in the caption, per the information provided to the Maryland SDAT. Each is authorized to do, and is doing business in Maryland, and present in Maryland through the conduct of its affairs, including owning, managing and renting real property in Maryland, conducting real estate business, and providing real estate premises for Marylanders. Both are present in Maryland through the conduct of their commercial affairs, purposefully, in Maryland. At all times, defendants acted through the employees and agents.

2.  43 Loring Court, Sparrows Point, MD [hereinafter "the property"] is an apartment unit in the larger Beacon Pointe Apartments and Townhomes, located at 2810 Nathaniel Way, in Sparrows Point, Baltimore County, MD. This property is owned by, and at all times pertinent to this action, by Nathaniel, and managed, and operated by Eagle. Both Defendants, at all pertinent times performed construction, renovation, improvements and other operations at that location.

3.  As set forth in more detail below, Defendants, by the conduct of their agents and servants, caused a tortious injury to Plaintiff by act and/or omission at the property on or about 7/29/20. Each Defendant caused, created, new of or should have known of, and allowed to exist a latent, hidden, dangerous and defective condition within the property. Specifically the flooring in the unit, which was covered with carpeting, was weak, unstable and dangerously compromised, so that it collapsed under plaintiff while she was engaged in routine normal, and foreseeable domestic activity. Plaintiff believes the flooring was compromised and weakened when Defendants, though their agents or employees cut out a rectangular whole, presumably for an HVAC register, then moved the location of the register, leaving the whole and compromised, weakened carpeting, Defendants then covered the hole, and weakened compromised flooring with carpeting, concealing ti. At not time did Defendants wars Plaintiff of the compromised, weakened flooring.

4.  Plaintiff is a resident of Baltimore County, MD, and Eagle and Nathaniel are "present" in Maryland. This Court has jurisdiction over both as they are authorized to do and doing business in Maryland. Personal jurisdiction over both is proper under Maryland Court and Judicial Proceedings Article 6-103 as they, through their agents and servants, committed a tort in Maryland by act or omission. These Defendants own, possess, manage and use real property in Maryland, upon which a tort allegedly occurred. The exercise of personal jurisdiction passes constitutional muster as these Defendants continuously and systematically avail themselves to the protections of Maryland law owning, managing property and additionally are present in Maryland through the conduct of their affairs providing living accommodations for Marylanders. Venue is proper under the Court and Judicial Proceedings Article as the tort occurred in Baltimore County.

## COUNT I: COMMON NEGLIGENCE -NATHANIEL

Plaintiff again recites the allegations in paragraphs 1-4.

5. At all times pertinent hereto each Defendant acted by and through its duly authorized agents, servants, workmen and employees, who in turn acted within the course and scope of their employment.

6. The incident giving rise to this cause of action complained of occurred at 43 Loring Court, Sparrows Point, MD ["the property".]

7. At the aforesaid time and place, the Plaintiff, while engaged in normal, foreseeable household chores, fell through the floor in her unit when it collapsed beneath her.

8. Plaintiff at all times exercised due care and caution for her safety, and suddenly and without warning was caused to injury herself when the floor collapsed. The flooring in the unit, hidden and concealed by the carpeting, were under the exclusive control of the Defendants. Defendants owed a duty to keep these areas free and clear of dangerous, latent, and defective conditions.

9. As a direct and proximate result of this incident and the tortious conduct of the Defendants, including but not limited to their duly authorized agents, servants, workmen and employees, failing to prevent and remedy this hazard, creating it in the first instances, violating applicable construction and housing codes and housing ordinances failing to repair, failing to patch, failing to inspect, failing to institute proper construction polices and practices, negligently implementing policies, failing to vet and screen contractors, negligently screening and vetting contractors, negligently inspecting, failing to mitigate and failing to warn others of hazard, the Plaintiff suffered severe and permanent injuries, causing great pain and suffering and mental anguish, restriction of movement, loss of sleep and loss of the ability to engage in normal pursuits and activities. The presence of, constituted a latent, dangerous and defective condition.

10. As a result of the aforesaid incident the Plaintiff injured er leg, ultimately developing CRPS.

11. Plaintiff avers that the aforesaid injuries are severe and permanently disabling.

12. As a result of the aforesaid injuries, Plaintiff has undergone and will undergo in the future physical pain and suffering and severe emotional distress.

13. As a result of the aforesaid injuries, Plaintiff has been obligated to undergo medical attention and care including surgery, orthopedic treatment and extensive physical therapy.

14. As a result of the aforesaid injuries, Plaintiff has been obligated to undergo medical attention and for which he has incurred medical expenses as he endeavors to find cures for his injuries.

15. As a further result of the Defendant's tortious conduct, with regard to these injuries, Plaintiff has incurred and will hereafter incur other financial losses for which he makes a claim.

16. As a further result of the aforesaid injuries, Plaintiff has sustained and will continue to sustain inconvenience and a diminution of her ability to enjoy life and life's pleasures for which she makes a claim.

17. The flooring, as described in 3 and 8, was an unreasonably dangerous and defective condition. These conditions were unreasonably dangerous and defective conditions. Plaintiff avers that the Defendants, through their agents, servants, workmen or employees, knew or should have known of the existence of the dangerous condition on the premises and that this hazard would cause residents to trip, fall and plummet, which is what occurred in this case. The condition which have rise to the injury in this case was such as to present serious danger to all those lawfully on the premises. Defendants knew of it, as they created it.

18. The aforesaid incident was the direct and proximate result of the carelessness, recklessness, negligence and gross negligence of the Defendant, which consisted of but is not limited to, in addition to any other factors as set forth in 9.

   (a) failing to use reasonable care in the maintenance of the premises;
   (b) permitting the premises to be maintained in a hazardous condition;
   (c) failing to properly inspect or supervise inspections of the area;
   (d) failing to have adequate staff available to maintain or inspect the area;
   (e) failing to adequately warn the Plaintiff of the dangerousness of the area;
   (f) maintaining the area in a faulty, slipshod and unworkmanlike manner;
   (g) failing to provide a safe walkway area for the Plaintiff and others lawfully on the premises in
   (h) failing to properly monitor and supervise the actions of agents, servants and employees responsible for the maintenance of the area in question.
   (i) Failure to patch or otherwise repair the hole and creating it in the first instance

19. That the Plaintiff did not assume the risk of this collapse and fall.

20.     That the Plaintiff was not contributorily negligent.

## COUNT I: COMMON NEGLIGENCE -EAGLE

Plaintiff again recites the allegations in paragraphs 1-20.

21.     At all times pertinent hereto each Defendant acted by and through its duly authorized agents, servants, workmen and employees, who in turn acted within the course and scope of their employment.

22.     The incident giving rise to this cause of action complained of occurred at 43 Loring Court, Sparrows Point, MD ["the property".]

23.     At the aforesaid time and place, the Plaintiff, while engaged in normal, foreseeable household chores, fell through the floor in her unit when it collapsed beneath her.

24      Plaintiff at all times exercised due care and caution for her safety, and suddenly and without warning was caused to injury herself when the floor collapsed. The flooring in the unit, hidden and concealed by the carpeting, were under the exclusive control of the Defendants. Defendants owed a duty to keep these areas free and clear of dangerous, latent, and defective conditions.

25.     As a direct and proximate result of this incident and the tortious conduct of the Defendants, including but not limited to their duly authorized agents, servants, workmen and employees, failing to prevent and remedy this hazard, creating it in the first instances, violating applicable construction and housing codes and housing ordinances failing to repair, failing to patch, failing to inspect, failing to institute proper construction polices and practices, negligently implementing policies, failing to vet and screen contractors, negligently screening and vetting contractors, negligently inspecting, failing to mitigate and failing to warn others of hazard, the Plaintiff suffered severe and permanent injuries, causing great pain and suffering and mental anguish, restriction of movement, loss of sleep and loss of the ability to engage in normal pursuits and activities. The presence of, constituted a latent, dangerous and defective condition.

26.     As a result of the aforesaid incident the Plaintiff injured er leg, ultimately developing CRPS.

27.     Plaintiff avers that the aforesaid injuries are severe and permanently disabling.

28.     As a result of the aforesaid injuries, Plaintiff has undergone and will undergo in the future physical pain and suffering and severe emotional distress.

29.     As a result of the aforesaid injuries, Plaintiff has been obligated to undergo medical attention and care including surgery, orthopedic treatment and extensive physical therapy.

30.     As a result of the aforesaid injuries, Plaintiff has been obligated to undergo medical attention and for which he has incurred medical expenses as he endeavors to find cures for his injuries.

31.     As a further result of the Defendant's tortious conduct, with regard to these injuries, Plaintiff has incurred and will hereafter incur other financial losses for which he makes a claim.

32.     As a further result of the aforesaid injuries, Plaintiff has sustained and will continue to sustain inconvenience and a diminution of her ability to enjoy life and life's pleasures for which she makes a claim.

33.     The flooring, as described in 3 and 8, was an unreasonably dangerous and defective condition. These conditions were unreasonably dangerous and defective conditions. Plaintiff avers that the Defendants, through their agents, servants, workmen or employees, knew or should have known of the existence of the dangerous condition on the premises and that this hazard would cause residents to trip, fall and plummet, which is what occurred in this case. The condition which have rise to the injury in this case was such as to present serious danger to all those lawfully on the premises. Defendants knew of it, as they created it.

34.     The aforesaid incident was the direct and proximate result of the carelessness, recklessness, negligence and gross negligence of the Defendant, which consisted of but is not limited to, in addition to any other factors as set forth in 9.

   (j) failing to use reasonable care in the maintenance of the premises;
   (k) permitting the premises to be maintained in a hazardous condition;
   (l) failing to properly inspect or supervise inspections of the area;
   (m) failing to have adequate staff available to maintain or inspect the area;
   (n) failing to adequately warn the Plaintiff of the dangerousness of the area;
   (o) maintaining the area in a faulty, slipshod and unworkmanlike manner;
   (p) failing to provide a safe walkway area for the Plaintiff and others lawfully on the premises in
   (q) failing to properly monitor and supervise the actions of agents, servants and employees responsible for the maintenance of the area in question.

    (r)    Failure to patch or otherwise repair the hole and creating it in the first instance

35. That the Plaintiff did not assume the risk of this collapse and fall.

36. That the Plaintiff was not contributorily negligent.

JURY TRIAL DEMANDED

WHEREFORE, Plaintiff demands judgment an amount in excess of $75,000, suit money and costs.

*[signature]*

ERIC T. KIRK
1001 North Calvert
Baltimore, Maryland 21202
(410) 403 6067
CPF 0712200005 / Atty code 10436
Erickirk1@gmail.com