UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JERMERA BAYLOR,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. BAH-21-3296 |
| **BEACON POINTE APARTMENTS, LLC,** | * | |
| Defendant. | * | |

## MEMORANDUM ORDER

On May 22, 2024, the Honorable Brendan A. Hurson referred this case to the undersigned to make recommendations concerning damages based on the Court's entry of a default judgment against Defendant Beacon Pointe Apartments, LLC (Beacon Pointe) pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. 2023). ECF Nos. 63, 70. Following this referral, the undersigned held an evidentiary hearing. ECF No. 77. In connection with that hearing, Ms. Baylor filed, among other things, a post-hearing brief (ECF No. 79) and a motion to seal specified exhibits to that brief (ECF No. 81), which is pending before the Court.

In her motion, Ms. Baylor seeks to seal Exhibits 1, 2, and 5 to her post-hearing brief. ECF No. 81. Ms. Baylor contends that these exhibits contain her "earnings and medical history"; that there is "no need for public access to the documents"; that the documents have not been previously accessible to the public, although they have been shared with other parties via discovery"; that there "are no viable alternatives to sealing under these circumstances"; and "Ms. Baylor has a strong privacy interested in medical history and information." *Id.* Ms. Baylor's motion to seal, which was filed on November 11, 2024, has been pending for more than 14 days and no objection to sealing has been filed. *See* Local Rule 105.11 (D. Md. 2023). For the reasons set forth below, the motion to seal is granted in part and denied in part.

The exhibits to Ms. Baylor's post-hearing brief contain supplemental information that bears on the question of damages arising from the injury Ms. Baylor sustained as a result of the occurrence at issue in this action.

Exhibit 1 (ECF No. 79-1) consists of multiple documents, including (1) an affidavit of Ms. Baylor that outlines information concerning her earnings before and after the occurrence at issue in this action; (2) a report from a medical provider regarding Ms. Baylor's inability to work during a specified timeframe; and (3) of Internal Revenue Service Wage and Income Transcripts, which detail Ms. Baylor's annual earnings reported on Form W-2 Wage and Tax Statements and Form 1099-G.  Notably, the last category of information masks Ms. Baylor's all but the last four digits of Ms. Baylor's social security number.  *Id.* at 7–34.  ECF No. 79-1 has been sealed on an interim basis pursuant to Ms. Baylor's pending motion to seal.

Exhibit 2 (ECF No. 79-2) consists of (1) a supplemental affidavit of an expert witness, Joshua Macht, M.D. (*id.* at 2–3); (2) medical billing records (*id.* at 5–20); (3) a list of court appearances of Dr. Macht (*id.* at 21); and (4) Ms. Baylor's medical records (*id.* at 22–114).  ECF No. 79-2 has also been sealed on an interim basis.  Additional medical records are docketed at ECF No. 79-3, labeled as an attachment, but have not been sealed on an interim basis, presumably because they are not clearly identified as being part of Exhibit 2.

Exhibit 3 (ECF No. 79-4) consists of an affidavit of an expert witness, Joe Rosenberg (*id.* at 2–3); his economic loss report (*id.* at 4–9); his testimony record (*id.* at 11–22); and his curriculum vitae (*id.* at 24–34).  This exhibit has not been sealed on an interim basis.

Exhibit 4 (ECF No. 79-5) consists of medical records.  *See also* ECF No. 79 at 1 (identifying the contents of Exhibit 4).  This exhibit has been sealed on an interim basis.

Exhibit 5 (ECF No. 80) is the settlement agreement and release between Ms. Baylor and Defendants Nathaniel Way, LLC and Eagle Rock Management, LLC.  This agreement includes an agreement among the parties that the terms of settlement will remain confidential.[1]  This exhibit has been sealed on an interim basis.

Exhibit 6 (ECF No. 79-6) consists of a reprinted copy of Md. Labor & Empl. Code § 3-413 (payment of minimum wage).  This exhibit has not been sealed on an interim basis.

As this summary reveals, some of the exhibits (or portions thereof) contain sensitive and personal information.  For example, the medical records contained in Exhibits 2 and 4 (ECF Nos. 79-2 at 23–114, 79-3, 79-5) reveal Ms. Baylor's personally identifiable information, family and medical history, and details regard her medical complaints and treatment.  Given that there are deposition transcripts and expert reports that summarize the pertinent medical history and treatment information publicly available on the docket, *e.g.*, ECF Nos. 75-1, 75-4, 75-5, there is no discernible need for the medical records themselves to be publicly available.  As Ms. Baylor argues, she has a strong privacy interest in her medical history that heavily outweighs the public's right of access and there are no alternatives to sealing the medical records that are practicable given that the medical records as a whole implicate Ms. Baylor's privacy interests. *Thomas* v. *City of Annapolis*, Civil Action No. BPG-16-3823, 2018 WL 1183657, at *4 (D. Md. Mar. 7, 2018) (finding that medical records and medical evaluation notes were appropriately sealed); *United States* v. *Lewandowski*, Criminal Case No. DKC 14-0082, 2021 WL 391696, at *4 (D. Md. Feb. 4, 2021) (finding that medical records were "undoubtedly private in their

---

[1] By its terms, the confidentiality provision does not apply to, among other things, any disclosures that may be required by a court of competent jurisdiction.  ECF No. 80 at 4.

entirety and so redaction would not be feasible"). Ms. Baylor's motion to seal is therefore granted as to her medical records (Exhibits 2 and 4; ECF Nos. 79-2 at 23–114, 79-3, 79-5).

Similarly, the interest in promoting settlement and the parties' expectation of confidentiality heavily outweigh the public's right of access to the settlement agreement between Ms. Baylor and the non-defaulting Defendants (ECF No. 80) where, as here, terms of settlement do not bear on the issue before the Court. This is not a case where the parties have placed the terms of settlement into contention, such as in a motion to enforcement settlement. *E.g.*, *Smith* v. *Montgomery Cnty., Md.*, Civil Action No. PWG-17-3122, 2019 WL 1130156, at *8 (D. Md. Mar. 12, 2019). The only issue pending before the Court is the amount of damages Ms. Baylor should be awarded from the defaulting Defendant (Beacon Pointe), which is not a party to the settlement agreement between Ms. Baylor and the non-defaulting Defendants. The only relevant aspect of the settlement agreement—the joint tortfeasor provision—will be discussed in the Report and Recommendation regarding the amount of damages Beacon Pointe owes Ms. Baylor. Therefore, the public will have access to the information from the settlement agreement that bears on the Court's decision with respect to recommended and ordered damages. *See Constellation Newenergy, Inc.* v. *Om Vegetable Inc.*, Civil Action No. DKC 21-0359, 2021 WL 5839315, at *2 (D. Md. Dec. 9, 2021) ("Because the parties' public briefing and this memorandum opinion quote and therefore make available the portions of the exhibits relevant to this motion, the public's right of access to judicial records and documents is not restricted."). Ms. Baylor's motion will therefore be granted with respect to the settlement agreement (Exhibit 5; ECF No. 80).

The same cannot be said, however, about the other exhibits and portions of the exhibits Ms. Baylor seeks to seal. For example, there is no principled basis for sealing an expert

witness's supplemental affidavit and report when similar materials (from that same witness and others) have been made publicly available in this case. There is no confidential or sensitive information in Dr. Macht's supplemental affidavit and report, and the material contain therein bears directly on the issue pending before the Court. Similarly, the Court's determination of damages necessarily involves analysis of information regarding employment, wages, and medical billing records that might be confidential in other circumstances. The public's right of access is more pronounced in light of the default posture of this determination and the role that public access plays in monitoring judicial actions. *Doe* v. *Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (observing that "public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary."). Ms. Baylor's motion to seal will be denied as to Exhibit 1 and most of Exhibit 2. The medical records contained in Exhibit 2 (ECF No. 79-2 at 22–114) will be sealed. To effectuate this Order and the partial sealing of Exhibit 2, Ms. Baylor will need to refile the portion of Exhibit 2 that will be publicly available (*id.* at 1–21). Further, pursuant to Local Rule 105.11, Ms. Baylor will be afforded an opportunity to withdraw Exhibits 1 or 2 or portions thereof,

    For the foregoing reasons, it is hereby ORDERED that:

1. Ms. Baylor's motion to seal (ECF No. 81) is GRANTED IN PART and DENIED IN PART;

    a. The motion is GRANTED as to Exhibit 4 (ECF No. 79-5), Exhibit 5 (ECF No. 80), and a portion of Exhibit 2 (ECF Nos. 79-2 at 22–114, 79-3);

    b. The motion is DENIED as to Exhibit 1 (ECF No. 79-1) and a portion of Exhibit 2 (ECF No. 79-2 at 1–21);

2.  Ms. Baylor is granted seven (7) days from the date of this Order to withdraw Exhibit 1 (ECF No. 79-1).  If not withdrawn within that timeframe, Exhibit 1 will be unsealed;

3.  Ms. Baylor is granted seven (7) days from the date of this Order to either withdraw or refile as a publicly available document the portion of Exhibit 2 that does not contain medical records (ECF No. 79-2 at 1–21);

4.  The Clerk is directed to seal ECF Nos. 79-2, 79-3, 79-5, and 80.

5.  The Clerk is directed to mail a copy of this Order to Defendant Beacon Pointe.

Date:  February 3, 2025

_____/s/_____
Erin Aslan
United States Magistrate Judge